IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN JAMES LARREW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-214-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States's Motion for Summary Judgment, filed on April 27, 2006. For the reasons set forth below, the Court is of the opinion that it should be **GRANTED**.

### Background

Stephen James Larrew ("Plaintiff") filed a petition in the 14th Judicial District Court, Dallas County, Texas on January 18, 2006, alleging that the two notices of federal tax lien ("Notices") at issue in this case are deficient because they do not contain valid assessments of Plaintiff's tax liabilities. Plaintiff's petition asked the state court to declare the Notices invalid, and to enjoin the entry of future Notices of federal tax lien absent "verified assessment[s]". Though not named in Plaintiff's state court petition, the United States, on behalf of the Internal Revenue Service ("IRS"), intervened on February 2, 2006 as the real party in interest. The United States removed the case to this Court on February 3, 2006 based on federal question jurisdiction.

1

In its Motion for Summary Judgment, the United States argues that Plaintiff's case with respect to the first of the two Notices ("First Notice") is barred by the doctrine of *res judicata*, that Plaintiff's case with respect to the second of the Notices ("Second Notice") is barred by the doctrine of collateral estoppel, and that, even if *res judicata* and collateral estoppel do not serve to bar Plaintiff's case in its entirety, the United States is nevertheless entitled to summary judgment because the assessments and corresponding Notices are legally valid.

## Summary Judgment Standard

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. Pourgholam v. Advanced Telemktg. Corp., No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R. Civ. P. 56; Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." Lynch Props., Inc. v. Potomac Ins. Co., 140 F.3d 622, 625 (5th Cir. 1998) (citing Celotex, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e).

### *Res Judicata*

The First Notice was the subject of a previous suit between the parties removed to this Court on February 21, 2001 ("previous suit").[1] In the previous suit, instituted and terminated before the creation of the Second Notice, Plaintiff claimed the First Notice was a fraudulent instrument not entitled to be filed in Texas because it did not contain a "certification" as required by Texas law. In deciding the United States's Motion for Summary Judgment in that case on June 11, 2001, this Court held that federal law governs the validity of notices of federal tax lien filed by the Internal Revenue Service on Plaintiff's property, and that a notice of federal tax lien need not contain any state law certification or acknowledgement. As that was the only question presented by Plaintiff's filing in the previous suit, the Court's June 11, 2001 Order concluded the matter. The Fifth Circuit subsequently upheld this Court's decision in that case.

The undisputed evidence shows that the First Notice, dated September 18, 1998, formed the basis for Plaintiff's previous suit. In that case, however, Plaintiff raised only the state certification argument outlined above. The doctrine of *res judicata* provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause, and where the parties in the new suit are the same parties involved in the previous suit, a party to the previous suit is bound as to any other admissible matter that he might have brought in the advancement (or

---

[1] Larrew v. United States, 3:01-CV-350-M (N.D. Tex.), originally filed in the 116th Judicial District Court, Dallas County, Texas, on January 8, 2001.

3

defense) of that same cause of action. Liberto v. D.F. Stauffer Biscuit Co., 441 F.3d 318, 326 (5th Cir. 2006). Thus, the Court's June 11, 2001 Order was conclusive on all matters that could have been litigated with respect to the First Notice. Plaintiff could have brought in the previous suit the "invalid assessment" argument he currently asserts with respect to the First Notice, but he did not do so. Accordingly, the Court finds that Plaintiff's current claim as to the First Notice is barred by the doctrine of *res judicata*.

### Collateral Estoppel

Collateral estoppel applies when a previously litigated issue of fact or law is identical to a present issue, was actually litigated, and was necessary to a previous final judgment. Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 290 (5th Cir. 2005). Because Plaintiff does not currently make any arguments concerning a state certification requirement, and because the "invalid assessment" issue was not litigated in the previous suit, the Court finds that the doctrine of collateral estoppel is inapposite to this case. Accordingly, in analyzing the Motion with respect to the Second Notice, the Court turns to the United States's third argument – that the assessments underlying the Second Notice are valid.

### Validity of the Assessments

Pursuant to 26 U.S.C. §§ 6321-22, if a person liable to pay federal taxes does not do so after demand, a federal tax lien attaches to the person's property in the amount owed, in favor of the United States. The lien arises at the time the United States assesses that person's tax liability. Id.

The Second Notice relates to tax years 1997 & 1998. In its Appendix, the United States presents Exhibits 10 & 11, each of which is a Form 4340 Certificate of Assessments and Payments ("IRS Forms 4340").[2] Exhibit 10 concerns tax year 1997, and reflects an October 21, 2002 assessment based upon a federal tax return filed by Plaintiff. Exhibit 11 concerns tax year 1998, and reflects an October 7, 2002 assessment based upon a federal tax return filed by Plaintiff.

IRS Forms 4340 are valid evidence of proper assessment by the IRS of a taxpayer's liabilities. Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002); McCarty v. United States, 929 F.2d 1085, 1089 (5th Cir. 1991). The IRS Forms 4340 submitted in this case show that Plaintiff filed returns for tax years 1997 and 1998 in 2002, that the IRS assessed taxes for those tax years in a timely manner, and that Plaintiff was provided with notice of his federal tax liabilities.[3]

In light of the evidence the United States has produced in support of its Motion, and in light of Plaintiff's failure to point to any facts that prove the existence of a genuine issue of material fact, the Court is of the view that the United States's Motion for Summary Judgment should be, and it hereby is, **GRANTED**. Judgment shall be rendered in the United States's favor, with all costs of court to be taxed to Plaintiff.

**SO ORDERED.**

---

[2] Exhibits 1-9 relate to the First Notice and will not, therefore, be discussed.

[3] Plaintiff filed a return for tax year 1997 on April 24, 2002, and for tax year 1998 on September 10, 2002. Pursuant to 26 U.S.C. § 6501(a), the IRS must make its assessment within three years of the date of a taxpayer's filing (whether or not the return is timely filed). Thus, as the IRS assessed Plaintiff's tax year 1997 liabilities on October 21, 2002, and his tax year 1998 liabilities on October 7, 2002, both assessments were timely made.

**DATED**: July 7, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE